**BENJAMIN ROSENTHAL, OSB No. 830828**
Attorney at Law
benrose@europa.com
1023 SW Yamhill Street, Suite 200
Portland, OR 97205
Telephone: (503) 226-6409
Facsimile: (503) 226-0903

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LOAN WEBB**, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | Family Medical Leave Act (FMLA); Wrongful Discharge |
| **INTEL CORPORATION, a foreign business corporation,** | |
| Defendant. | DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

1.      Plaintiff brings this action against her former employer Intel Corporation., (hereinafter referred to as "Intel") to correct unlawful employment practices for discrimination based upon Plaintiff

Page 1 - **COMPLAINT**

exercising her rights under the Family and Medical Leave Act ("FMLA") to correct unlawful employment practices for discrimination. Additionally Plaintiff brings a common law claim of wrongful discharge based on Plaintiff's termination occurring in substantial part, due to her rightful invocation of the medical leave process. This Court has jurisdiction of this action because of federal question jurisdiction, pursuant to 28 USC § 1331. This Court also has pendent jurisdiction over the state law claim.

Defendant Intel interfered with Plaintiff's rights under the FMLA and fired her in substantial part for invoking the process.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by 28 USC § 1331, federal question jurisdiction.

3.      This Court also has pendent jurisdiction over the state law claims. Plaintiff, resides in the State of Oregon and Defendant's actions occurred in the District of Oregon and, at all relevant times, the parties did business in the State of Oregon.

## PARTIES

4.      Plaintiff was employed full time by Defendant Intel as a technical contract manager/project manager from June 20, 2009 though July 28, 2015. At all relevant times, Plaintiff is and was a resident and citizen of the State of Oregon and at the time of her termination resided in Multnomah County, Oregon.

5.      Defendant Intel, is an Oregon licensed corporation, that, at all material times, employed Plaintiff and had greater than 50 employees. At all relevant times, all employees of Defendant Intel

were acting within the course and scope of their employment.

## STATEMENT OF FACTS

6. Defendant Intel is a business computer software company which provides software and software services to businesses worldwide.

7. Plaintiff was hired by Defendant Intel as a technical contract manager/project manager. At all relevant times she worked remotely and at the time of her termination she was residing in Portland, Oregon.

8. The Reed Group (hereinafter referred to as "Reed") at all relevant times contracted with Intel as Intel's third party leave administrator and acted for the benefit of Intel.

9. Plaintiff, at all relevant times was on approved FMLA leave for her serious health condition of Depression. Her medical leave was approved from June 17, 2015 through July 17, 2015.

10. Prior to her applying for medical leave, Plaintiff had been approved to take her eight week sabbatical.

11. At all relevant times Defendant Intel and Reed through their employees knew or should have known that Plaintiff was on approved FMLA medical leave and intended on commencing her approved sabbatical at the conclusion of said leave.

12. Defendant Intel terminated Plaintiff on July 28, 2015, with an effective date of July 23, 2015, for her invocation of her medical leave.

// // //

// // //

// // //

Page 3 - **COMPLAINT**

BENJAMIN ROSENTHAL
1023 SW YAMHILL STREET, SUITE 200
PORTLAND, OREGON 97205
503-226-6409

## FIRST CLAIM FOR RELIEF
### (Family and Medical Leave Act)
### Against Defendant Intel

13.    Plaintiff realleges and incorporates by reference paragraphs 1 through 12, above.

14.    Plaintiff, at all material times, was an eligible employee under 29 USC § 2611.

15.    Defendant Intel, at all material times, was an employer covered under 29 USC §2611(4)(A)(i).

16.    Reed, at all material times, was an employer covered under 29 USC §2611(4)(A)(i), in that it was a person acting directly in the interest of Defendant Intel and for its benefit.

17.    Plaintiff took time off due to her medical condition as alleged in paragraph 9, above. At all times relevant herein Defendant Intel and, or Reed, through their employees knew or should have known that Plaintiff was taking such time off due to her medical condition and for her need to be on FMLA medical leave.

18.    Defendant through its employees and, or agents retaliated and discriminated against Plaintiff for taking medical leave in one or more of the following ways:

    a. By failing to notify Plaintiff in writing of the consequences of her failing to return from medical leave at the end of her medical leave status;

    b. By approving Plaintiff's sabbatical berfore Plaintiff applied for medical leave and allegedly changing its mind and firing Plaintiff without warning while Plaintiff was on said sabbatical.

    c. By taking steps to deny Plaintiff's attempts to return from her medical leave status;

    d. By terminating plaintiff on July 28, 2015, to take effect July 23, 2015 .

19. Defendants' actions violated Plaintiff's rights under FMLA.

20. Plaintiff is entitled under 29 USC § 2617(a)(1)(A)(i)(I) to recover her lost income, benefits and perquisites from July 23, 2015 through the present in the approximate amount of $382,303.01 and continuing, with additional losses accruing at the monthly approximate rate of $16,621.00 until she becomes gainfully re-employed.; all of which to be amended before trial.

21. Plaintiff is entitled to an additional amount equal to her economic losses under 29 USC § 2617(a)(1)(A)(iii) in liquidated damages.

22. Plaintiff is entitled to prejudgment interest from the time when she began incurring her economic losses to the present

23. Plaintiff is also entitled to recover her litigation costs and attorney's fees under 29 USC § 2617(a)(3).

## SECOND CLAIM FOR RELIEF

### (Wrongful Discharge)
### Against Defendant Intel

24. Plaintiff re-alleges paragraphs 1 through 12, 14 through 17, 18(d), 19 and 22, above.

25. Defendant Intel's conduct as alleged in paragraphs 12 and 18, above, constitutes a wrongful discharge for each and every one of the following reasons:

a. Plaintiff was discharged in substantial part in retaliation for pursuing employee related rights which are of important public interest and/or are recognized by statute under 29 USC § 2615 in that Plaintiff had a right to request medical leave under the forgoing statutory provision.

26.     Plaintiff is entitled to the recovery of her lost income, benefits and perquisites from July 23, 2015 through the present in the approximate amount of $382,303.01 and continuing, with additional losses accruing at the monthly approximate rate of $16,621.00 until she becomes gainfully re-employed.; all of which to be amended before trial.

27.     As a result of her termination, Plaintiff has suffered an exacerbation of her depression, stress, financial worry, anxiety, suicidal ideation, loss of enjoyment of life, diminished appetite, sleeplessness, lost self esteem, all to her non-economic damage in an amount to be determined before trial.

28.     Defendant Intel's conduct as alleged was wilful and wanton and/or in reckless disregard of Plaintiff's rights or general welfare. Plaintiff is seeking exemplary damages more specifically alleged after discovery and before trial.

29.     Plaintiff is further entitled under ORS 20.107 to recover her reasonable attorney fees, expert witness fees and litigation costs.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

WHEREFORE, Plaintiff prays for the relief requested in each of her claims for relief and for such other relief as the Court deems just and appropriate.

DATED this 13th Day of July, 2017.

Benjamin Rosenthal, OSB# 830828
Attorney for Plaintiff