IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LOAN WEBB**, | Case No. 3:17-cv-01089-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **INTEL CORPORATION**, | |
| Defendant. | |

Benjamin Rosenthal, 1023 SW Yamhill Street, Suite 200, Portland, OR 97205. Of Attorneys for Plaintiff.

C. Christine Burns, BURNSBARTON, LLP, 45 West Jefferson, 11th Floor, Phoenix, AZ 85003; Elizabeth D. MacGregor, LORBER, GREENFIELD & POLITO, LLP, 610 SW Alder Street, Suite 315, Portland, OR 97205; Rachel C. Nies, LORBER, GREENFIELD & POLITO, 111 SW Columbia, Suite 950, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Loan Webb sues her former employer, Intel Corporation, for interference with the exercise of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2611, *et seq*. Defendant moves to dismiss Plaintiff's Complaint on the ground that it fails to state a claim for relief. For the reasons discussed, Defendant's amended motion to dismiss is denied.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Defendant employed Plaintiff as a technical contract manager, or project manager, between June 20, 2009 and July 24, 2015. ECF 1 ¶ 4. At some point before June 17, 2015, Plaintiff received approval to take an eight-week "sabbatical." ECF 1 ¶ 10. Instead of taking this sabbatical, however, Plaintiff applied and was approved to take four weeks of FMLA leave for her depression, beginning June 17, 2015 and ending July 17, 2015. ECF 1 ¶ 9. Upon completion of her approved FMLA leave on July 17, Plaintiff did not return to work, intending to begin her previously-approved eight-week sabbatical. ECF 1 ¶ 11. Defendant terminated Plaintiff's employment on July 28, 2015, with an effective date of July 23, 2015. ECF 1 ¶ 12.

Plaintiff alleges that her termination violated the FMLA because Defendant interfered with and retaliated against Plaintiff's exercise of FMLA rights. Plaintiff alleges that Defendant interfered with her rights under the FMLA by: (1) failing to notify Plaintiff in writing of the consequences of failing to return from leave; (2) rescinding its approval of Plaintiff's sabbatical; and (3) denying Plaintiff's attempts to return to work and ultimately terminating her. Plaintiff also alleges that, at all relevant times, Defendant knew or should have known that Plaintiff was on leave due to her medical condition and required additional FMLA leave. Plaintiff also brings a claim for common law wrongful discharge under Oregon law, alleging that Defendant terminated her for pursuing her rights under the FMLA. Defendant moves to dismiss both claims.

## DISCUSSION

Recognizing that "it is unfair for an employee to be terminated when he or she is struck with a serious illness and is not capable of working," Congress enacted the FMLA. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1119 (9th Cir. 2001) (quoting S.Rep. No. 103–3 at 11,103d Cong., 2d Sess. (1993)). The FMLA provides that "eligible employee[s]" are "entitled to a total of 12 workweeks of leave during any 12-month period" because of, among other things, a

"serious health condition that makes the employee unable to perform the functions of [her] position." 29 U.S.C. §§ 2611(2)(A)(i)-(ii) and 2612(a)(1)(D). Employers covered by the FMLA must allow their employees to take FMLA leave for qualifying conditions and may not "interfere with, restrain, or deny the exercise of" its employees' FMLA rights. 29 U.S.C. § 2615(a)(1). Employers are also proscribed from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by [the FMLA.]" § 2615(a)(2) and (b). Defendant argues that Plaintiff does not state a claim for retaliation under the FMLA, that Plaintiff was not protected by the FMLA at the time of her termination and thus also does not state an FMLA interference claim, and that Plaintiff does not state a claim for wrongful discharge under Oregon law.

## A. FMLA Interference Claim

Defendant contends that Plaintiff has failed to allege sufficient facts to state a claim for interference under the FMLA. Defendant first argues that Plaintiff's claim that she was terminated for reasons related to her use of FMLA leave does not state a claim for *retaliation* under FMLA but rather falls under Plaintiff's FMLA *interference* prong. The Ninth Circuit has held that terminating an employee for the use of FMLA leave constitutes interference. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). "[W]here an employee is subjected to negative consequences simply because [s]he has used FMLA leave, the employer has *interfered* with the employee's FMLA rights." *Xin Liu v. Amway Corp.,* 347 F.3d 1125, 1136 (9th Cir. 2003) (alterations omitted) (emphasis added) (quoting *Bachelder*, 259 F.3d at 1124). The Court, therefore, considers Plaintiff's FMLA claim as one for interference, rather than retaliation.

To state an FMLA claim for interference, Plaintiff must allege that "(1) [s]he was eligible for FMLA protections, (2) h[er] employer was covered by the FMLA, (3) [s]he was entitled to

PAGE 4 – OPINION AND ORDER

leave under the FMLA, (4) [s]he provided sufficient notice of h[er] intent to take leave, and (5) h[er] employer denied her FMLA benefits to which [s]he was entitled." *Sanders v. City of Newport,* 657 F.3d 772, 778 (9th Cir. 2011). Plaintiff alleges that Defendant interfered with Plaintiff's rights by: (1) failing to notify Plaintiff of the consequences of failing to return from medical leave; (2) revoking approval of Plaintiff's eight week sabbatical; and (3) refusing Plaintiff's attempts return to work by terminating her. Defendant does not dispute that it—as a corporation licensed in Oregon with more than 50 employees—is a covered employer under FMLA.

   **1. Eligibility**

The FMLA defines "eligible employee" as a person employed by the covered employer for at least 12 months, who has worked at least 1,250 hours during the previous 12-month period. 29 U.S.C. § 2611(2)(A)(i)-(ii); *see also* 29 C.F.R § 825.110(a). An employee that has used the entirety of her FMLA leave is not eligible for FMLA leave until the start of the next "leave year." 29 C.F.R. 825.200; *see also Bachelder*, 259 F.3d at 1120 (explaining that FMLA provides 12 weeks of leave per "leave year," which is a 12-month period calculated by the employer); *Canupp v. Children's Receiving Home of Sacramento*, 181 F.Supp.3d 767, 784-86 (E.D. Cal. 2016) (holding that the calculation of the leave year and plaintiff's remaining leave posed a material question unfit for summary judgment).

Plaintiff has sufficiently alleged that she is an "eligible employee" under the FMLA. Defendant argues that Plaintiff has not sufficiently alleged that she was an "eligible employee" under FMLA and, further, that Plaintiff could not have been an "eligible employee" because her FMLA leave had expired at the time of her termination. ECF 11 at 6. Plaintiff alleges that she worked full time for Defendant between June 20, 2009 and July 23, 2015. It is reasonable to infer, therefore, that Plaintiff met the minimum work requirements of FMLA and was an

PAGE 5 – OPINION AND ORDER

"eligible employee" at all relevant times before her termination, making her eligible for 12 workweeks of leave for the current leave year. Plaintiff, therefore, has sufficiently alleged that she was eligible for the 4.5 weeks of FMLA leave she took, and any subsequent FMLA leave that she had available.

Defendant insists that the Court cannot simply subtract the 4.5 weeks Plaintiff used from her total available 12 weeks to find Plaintiff was eligible for additional FMLA leave. Defendant contends that doing so ignores the complex way in which FMLA leave is calculated and applied. Employee eligibility, however, is determined "at the commencement of the *first instance* of leave for each FMLA–qualifying reason in the applicable 12–month period." 29 C.F.R. § 825.300(b)(1) (emphasis added). "All FMLA absences for the same qualifying reason are considered a single leave and employee eligibility as to that reason for leave does not change during the applicable 12–month period." 29 C.F.R. § 825.300(b)(1). Defendant's assertion that Plaintiff could not be an "eligible employee" because her approved leave had ended is misplaced. Plaintiff would only become ineligible had she used her full 12 weeks for that "leave year." *See Bachelder*, 259 F.3d at 1120 (explaining that the employee's entitlement to leave is limited to 12 weeks). Although Plaintiff does not specifically allege that she retained 7.5 weeks of leave in the "leave year," it is reasonable to infer, from Plaintiff's assertion that she used 4.5 weeks of FMLA leave and thus retained 7.5 weeks. Plaintiff has sufficiently alleged that she was eligible for FMLA protections.

**2. Entitlement to Leave**

Under FMLA, an employee is entitled to leave "[b]ecause of a *serious health condition* that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D) (emphasis added). Plaintiff alleges that she was approved for 4.5 weeks of FMLA leave "for her serious health condition of Depression." ECF 1 ¶ 9. For any

PAGE 6 – OPINION AND ORDER

action relating to those 4.5 weeks, therefore, Plaintiff has sufficiently alleged that she was entitled to leave. To the extent Plaintiff attempts to plead she was entitled to stay on FMLA leave, she has also sufficiently pled that she suffered from a serious health condition that would entitle her to FMLA leave.

3. Notice

When an employee seeks to take FMLA leave, she "shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c). Because Plaintiff alleges that Defendant, or its agent, approved Plaintiff's FMLA leave for 4.5 weeks, the Court can infer that Defendant had proper notice of Plaintiff's leave. Therefore, to the extent Plaintiff claims that Defendant revoked her sabbatical or terminated her *because she took the 4.5 weeks of FMLA leave*, Plaintiff has sufficiently alleged notice for that time period.

Defendant argues, however, that Plaintiff has not alleged that she provided sufficient notice of her intent to take leave *after* July 17, 2015, and thus was not entitled to FMLA leave at the time of her termination. Plaintiff alleges that Defendant knew or should have known that Plaintiff was taking leave due to her medical condition at all relevant times—including after July 17, 2015. To the extent Plaintiff purports to allege Defendant had or should have had notice that Plaintiff needed additional FMLA leave after July 17, 2015, the Court agrees with Defendant that this is insufficient to establish notice. Additionally, to the extent Plaintiff asserts she had FMLA coverage for the eight-week "sabbatical," she has not alleged sufficient facts for the Court to determine that she requested that leave be designated FMLA leave. When an employee requests FMLA leave "for which the employer has previously provided the employee FMLA-protected leave," as would be the case here, "the employee must *specifically reference* either the qualifying reason for leave or the need for FMLA leave." 29 C.F.R. § 825.303(b) (emphasis

PAGE 7 – OPINION AND ORDER

added). Plaintiff does not allege that she—or her doctor—contacted Defendant or its agent requesting an extension of her FMLA leave. She also does not include the content of any such conversation or whether she specifically referenced her qualifying medical condition. Plaintiff simply states that she had approved FMLA leave through July 17, 2015, that she intended thereafter to take a previously-approved "sabbatical," and that Defendant fired her while she was on that sabbatical. Thus, Plaintiff has not sufficiently alleged that she provided adequate notice of her intent to take FMLA leave after she returned from her 4.5 weeks of FMLA leave on July 17, 2015. To the extent Plaintiff asserts that Defendant interfered with her right to use FMLA leave *after* July 17, 2015, Plaintiff fails to state a claim.

### 4. Denied Benefit

Defendant argues that Plaintiff has not adequately alleged that she was denied an FMLA benefit to which she is entitled. Plaintiff pleads that Defendant (1) failed to provide Plaintiff with notice of the consequences of not returning to work; (2) prevented Plaintiff from taking her previously-approved eight week sabbatical; and (3) prevented Plaintiff from returning to her job. "Failure to follow the notice requirements set forth in [the FMLA] may constitute an interference with . . . an employee's FMLA rights." 29 C.F.R. § 825.300(e). Further, the FMLA provides that the taking of [medical] leave . . . shall not result in the loss of any employment benefit" otherwise available to the employee. 29 U.S.C. § 2614(a)(2). Any eligible employee who takes leave under the FMLA is entitled "to be restored by the employer to the position of employment held by the employee when the leave commenced." 29 U.S.C. § 2614(a)(1)(A).

Plaintiff alleges that Defendant failed to notify her of the consequences of failing to return to work after her 4.5 weeks of FMLA leave. Defendant maintains that it did not have an obligation to notify Plaintiff that she would be terminated if she did not return to work. FMLA regulations require employers to "provide written notice detailing the specific expectations and

PAGE 8 – OPINION AND ORDER

obligations of the employee and explaining any consequences of a failure to meet these obligations." 29 C.F.R. § 825.300(c)(1). Plaintiff does not cite any authority for the proposition that the FMLA requires, specifically, that employers inform employees of their obligation to return to work after the end of an approved period of FMLA leave. Nonetheless, Plaintiff's claim that Defendant did not inform her of the consequences of not returning after her FMLA leave is sufficient, at this stage, to allege FMLA interference. *See* Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff also alleges that Defendant denied Plaintiff her previously-approved sabbatical because of her use of FMLA leave. Defendant argues that sabbatical leave is not a benefit provided by the FMLA. Plaintiff's allegation, however, is that Defendant revoked Plaintiff's previously-approved sabbatical *because* she used FMLA leave. If sabbatical leave is an "employment benefit" to which she would otherwise be entitled, Plaintiff has sufficiently alleged an FMLA benefit that she was denied.

Plaintiff further alleges that Defendant terminated her employment because of her use of 4.5 weeks of FMLA leave. The FMLA creates a substantive employee right to return to . . . her job or an equivalent job after using protected leave." *Bachelder*, 259 F.3d at 1122. Thus, Plaintiff's allegation that her use of FMLA leave was a negative factor in the decision to terminate her is one of the basic fact patterns that FMLA seeks to prevent. Defendant maintains that the absences for which Plaintiff was terminated were not FMLA-protected absences. Defendant is correct that "FMLA is not implicated and does not protect an employee against disciplinary action based upon absences if those absences are not taken for one of the reasons enumerated in [the FMLA.]" *Bachelder*, 259 F.3d at 1125 (quotation marks and alterations omitted). Defendant is free to demonstrate, at summary judgment or trial, that it terminated

Plaintiff because of non-FMLA absences. At this stage, however, Defendant's factual argument is unavailing. Plaintiff has stated a claim for FMLA interference.

## B. Wrongful Discharge

Plaintiff also brings a claim for wrongful discharge under Oregon law.[1] Under Oregon law, an employee may bring a common law wrongful discharge claim when she is terminated for either: "(1) exercising a job-related right that reflects an important public policy; or (2) when the discharge is for fulfilling some important public duty." *Babick v. Oregon Arena Corp.*, 333 Or. 401, 407 (2002) (citations omitted); *see also Eusterman v. Nw. Permanente, P.C.*, 204 Or. App. 224, 229 (2006) (recognizing the two general types of wrongful discharge claims under Oregon law). "The Oregon Supreme Court, for example, has recognized wrongful-discharge claims where plaintiffs pursued private statutory rights and were fired for their pursuit." *Daoud v. Avamere Staffing, LLC*, 336 F. Supp. 2d 1129, 1140 (D. Or. 2004) (quoting *Holien v. Sears, Roebuck & Co.*, 298 Or. 76, 88 (1984) (quotations omitted)). "[T]he employee must establish a 'causal connection' between a protected activity and the discharge." *Estes v. Lewis & Clark Coll.*, 152 Or. App. 372, 381 (1998). When there is already an adequate federal remedy, however, the wrongful discharge cause of action is not available. *Delaney v. Taco Time, Intern., Inc.*, 297 Or. 10, 16 (1984) (en banc); *see also Draper v. Astoria School Dist. No. 1C*, 995 F.Supp. 1122, 1131 (D. Or.1998) (explaining that "under Oregon law, an adequate existing federal remedy may bar a common law wrongful discharge claim").

Plaintiff alleges that she was fired for pursuing employee-related rights that are of important public interest and are recognized by statute. The Oregon Court of Appeals has held

---

[1] Defendant characterizes Plaintiff's second claim for relief as one for retaliation under the FMLA. This misconstrues Plaintiff's Complaint, which identifies her second claim for relief as one for wrongful discharge under Oregon common law.

that the FMLA, and its state counterpart, the Oregon Family Leave Act, both reflect "public policy. . . . emphasiz[ing] the importance of family leave" for employees. *Yeager v. Providence Health Sys. Oregon*, 195 Or. App. 134, 140 (2004). The FMLA protects employees from interference with their right to take medical and family leave. *Id*. Other courts in this district have also considered the FMLA to be an "important public policy" under Oregon law and noted that "violations of that law may give rise to a wrongful discharge claim." *Schultz v. Wells Fargo Bank, Nat'l. Ass'n*, 970 F.Supp.2d 1039, 1065 (D. Or. 2013); *Stewart v. Sears, Roebuck & Co.,* 2005 WL 545359, at *16 (D. Or. Mar. 7, 2005) (noting that both the District of Oregon and the Oregon Court of Appeals consider FMLA public policy for purposes of wrongful discharge claims) (citing *Yeager,* 195 Or. App. at 140-43). The Court agrees. Additionally, the FMLA does not constitute an "adequate federal remedy" that bars a wrongful discharge claim under Oregon law because the FMLA "do[es] not authorize an award of general or non-economic damages for emotional distress." *Pacosa v. Kaiser Found. Health Plan of the Nw.*, 2011 WL 208205, at *14 (D. Or. Jan. 21, 2011) (holding that FMLA does not provide adequate remedies to bar a common law wrongful discharge claim under Oregon law); *see also Washington v. Fort James Operating Co.* 110 F.Supp.2d 1325, 1334 (D. Or. 2000) ("In this case, [claimant's] remedies under the FMLA may be inadequate because wrongfully discharged employees cannot seek damages for emotional distress damages under that statute"); *Holien,* 298 Or. at 97 (finding workplace harassment statutes' remedies inadequate because they did not account for injuries such as emotional "anguish"). Accordingly, a common law wrongful discharge claim may be appropriate here.

The elements of an FMLA retaliation and common law wrongful discharge are similar, requiring that the employee engage in a protected activity, experience negative consequences,

and establish a "causal connection" between the two. *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001) (explaining the elements of FMLA retaliation are (1) engagement in a protected activity; (2) subjection to negative consequences; and (3) establishment of a causal link between the two); *Love v. Polk County Fire Dist.*, 209 Or. App. 474, 492 n. 14 (2006) (noting that to establish wrongful discharge in Oregon an employee must demonstrate "a 'causal connection' between the protected activity and the discharge" (quoting *Estes*, 152 Or. App. at 381)). Defendant argues that Plaintiff's wrongful discharge claim should be dismissed for the same reasons that the Court should dismiss Plaintiff's FMLA claim—*i.e.*, that Plaintiff has not sufficiently alleged that she was eligible for FMLA protections, that Defendant was covered by the FMLA, that Plaintiff was entitled to take leave, that Plaintiff gave notice of her intent to take leave, and that Defendant denied Plaintiff benefits to which she was otherwise entitled. As discussed above, however, Plaintiff has alleged sufficient facts to state an FMLA interference claim.

Defendant also argues that the use of FMLA leave does not qualify as a "protected activity." Oregon case law, however, considers the pursuit of medical leave rights a protected activity. *Yeager*, 195 Or. App. at 140. Engaging in the use of FMLA leave, therefore, is a protected activity.

Although Defendant further argues that Plaintiff cannot establish a causal connection between the use of FMLA leave and Plaintiff's termination, Plaintiff need only allege circumstantial evidence of a connection. Causation may be inferred from circumstantial evidence such as "proximity in time between the protected action and the allegedly retaliatory employment decision." *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000); *see also Scruggs v. Josephine Cty. Sheriff's Dep't*, 2008 WL 608581, at *8 (D. Or. Mar. 4, 2008) (explaining that

close proximity in time between the protected action and the allegedly retaliatory employment decision is circumstantial evidence of causation.) (citing *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987)). In light of the proximity between Plaintiff's use of her FMLA leave and her termination, the Court concludes that Plaintiff's Complaint contains sufficient facts to suggest that there was a "causal connection" between her firing and her use of FMLA leave. *Sandberg v. City of N. Plains*, 2012 WL 602434, at *9 (D. Or. Feb. 22, 2012) (holding that proximity in time presents sufficient evidence of a causal connection between the employee action and adverse employment action); s*ee also Tudor Delcey v. A–Dec, Inc.,* 2008 WL 123855, at *12-13 (D. Or. Jan. 9, 2008) (noting that a showing of close proximity in time between a plaintiff's protected activity and a defendants' adverse action is sufficient to establish a *prima facie* case).

## CONCLUSION

Plaintiff has stated a claim for interference under the FMLA and for wrongful discharge under Oregon law. Accordingly, Defendant's Amended Motion to Dismiss (ECF 11) is DENIED.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge